-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK



_____

CARLOS ABREU, 99A3027,

        Plaintiff,

     -v-

Correction Officer MERSON, Correction Officer A. HUNT,
Correction Officer R. GRIEL, Correction Officer C. DICKERSON,
Correction Officer B. DAMENTT, Correction Officer MORRIS,
Correction Officer L. MORRISON, Sergeant SANTIAGO,
Sergeant HOWARTH, Correction Officer JOHN CARBINALE,
Correction Officer LONGWELL, Correction Officer BARDO,
Nurse REBECCA DINARDO, Correction Officer NAPLES,
Correction Officer YOST, Captain WEEDERLICH,
Hearing Officer ESGRON (CHO),
Hearing Officer POCOBELLO (TSPT),
Correction Officer CHORNEY, Correction Officer KNOW,
Sergeant MEEHAN, Sergeant STINE,
Inmate Grievance Superviser MARTIN TITUS,
Inmate Grievance Superviser C.O. MATERNE,
Doctor LESTER WRIGHT, Doctor JOHN ALVES,
Nurse Administrator HOPKINS, Superintendent JOHN W. BURGE,
Deputy Supr. For Security ROBERT HENDERSON,
Deputy Supr. For Administrative WILLIAM HOPKINS,
LT. WILLIS, DOCS Commissioner GLENN S. GOORD,
DOCS Commissioner BRIAN FISCHER,
Inmate Grievance Program Director THOMAS EAGEN,
Inspector of Operations KENNETH MCLAUGHLIN,
Inspector General RICHARD ROY, Director of Special
Housing/inmate Disciplinary Programs DONALD SELSKY,
Doctor Psychiatrist MORALES D. BROWN,
Doctor Psychiatrist STEPHEN PRICE,
Social Worker Therapist RICHARD PAUTZ,
Social Worker Therapist CLIFFORD H. BOUGH,
Unit Chief PETER RUSSELL, OMH Director JOHN CULKY,
OMH Executive Dir. H. E. SMITH, OMH Executive Dir. DONALD SAWYER
and OMH Commissioner SHARON CARPINELLO,

        Defendants.

_____

**DECISION AND ORDER**
07-CV-6491L

## INTRODUCTION

Plaintiff, who is incarcerated in the Great Meadow Correctional Facility, has requested permission to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a) and has both met the statutory requirements and furnished the Court with a signed Authorization. Accordingly, plaintiff's request to proceed as a poor person is hereby granted. In addition, plaintiff's complaint has been screened by the Court with respect to the 28 U.S.C. §§ 1915(e) and 1915A criteria.

## DISCUSSION

### The Complaint

Plaintiff's *pro se* complaint does not comport with the rules of pleading. The Federal Rules of Civil Procedure direct that "each specific averment of a pleading shall be simple, concise and direct." Fed.R.Civ.P. 8(e)(1). "The statement should be short because unnecessary prolixity places an unjustified burden on the court and the responding party." *Lasky v. Shearson Lehman Brothers Inc.,* 139 F.R.D. 597, 598 (S.D.N.Y.1991) (Patterson, J.)(citing *Salahuddin v. Cuomo,* 861 F.2d 40, 42 (2d Cir.1988)). When a complaint is not short and plain, or its averments are not concise and direct, "the district court has the power, on motion or *sua sponte,* to dismiss the complaint or to strike such parts as are redundant or immaterial." *Simmons v. Abruzzo,* 49 F.3d 83, 86 (2d Cir.1995).

The Complaint in the present case numbers 1136 paragraphs. The paragraph numbering may have been an attempt to order the complaint, although the numbered entities are, in general, not actually paragraphs. Although the complaint is unusually long, it is not prolix, discursive, argumentative, or otherwise improper. It is occasionally redundant, but given the number and nature of the allegations against different defendants, it is understandably so. The complaint gives defendants fair notice of claims asserted, can not properly be dismissed for failure to state claim upon which relief can be granted, and the defendants can not suggest that the complaint does not give them notice of the substance of claims or is otherwise unintelligible. *Simmons v. Abruzzo,* 49 F.3d at 87. In sum, although the complaint would have benefitted greatly from editing by someone more fluent in the English language, it is not so unmanageable as to require that parts of it be stricken. There is also sufficient indication that amendment by the plaintiff would not improve the ability of defendants to answer the complaint.

On the other hand, plaintiff has also attached as exhibits approximately 8 inches of documentation of grievances, letters of complaint, and the responses thereto. These exhibits may support plaintiff's complaint, but are largely redundant of the allegations in the complaint. Therefore, although the documents will not be stricken pursuant to Rule 12(f), the Court directs that such exhibits be filed manually, but not be served with the complaint itself.

### ADA and Rehabilitation Act Defendants

Plaintiff's complaint can be read to assert an ADA and/or Rehabilitation Act claim against the Department of Correctional Services and the Office of Mental Health. Such a claim is actionable under *Tennessee v. Lane,* 541 U.S. 509 (2004) (upholding ADA's abrogation of a State's Eleventh Amendment immunity, and finding that liability extends to include state and local governments, as well as their agencies and instrumentalities). However, plaintiff has named only individual defendants, and not a State Agency or the State. Individuals cannot be named as defendants in ADA suits in either their official or representative capacities. *See, e.g., Hallett v. New York State Dep't of Correctional Servs.,* 109 F.Supp.2d 190, 199-200 (S.D.N.Y.2000) (dismissing ADA claims asserted against individual defendants because Title II provides disabled individuals redress for discrimination by a *public entity,* which, as it is defined in the statute, does not include individuals) (emphasis added); *see also Candelaria v. Cunningham,* No. 98 Civ. 6273, 2000 WL 798636, at *2 (S.D.N.Y. June 20, 2000) (finding no individual liability for prison officials under Title II of the ADA). Therefore, plaintiff has named no defendants who can be held liable for the ADA and Rehabilitation Act claims. Accordingly, in light of the fact that plaintiff has sufficiently plead facts that state claims for violation of the ADA and Rehabilitation Act, but has not named defendants susceptible of being sued under those Acts, in order to pursue those claims, plaintiff will need to amend his complaint's caption to name defendants who can be sued under the ADA and Rehabilitation Act.

## CONCLUSION and ORDER

The Clerk of the Court is directed to file plaintiff's papers, and to cause the United States Marshal to serve copies of the Summons, Complaint (without Exhibits), and this Order upon the named defendants without plaintiff's payment therefor, unpaid fees to be recoverable if this action terminates by monetary award in plaintiff's favor.

Pursuant to 42 U.S.C. § 1997e(g)(2), the defendants are directed to answer the complaint.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
CHIEF JUDGE
UNITED STATES DISTRICT COURT

Dated:        Dec. 13    , 2007